

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| JONATHAN ARTNEIL LINCOLN, §<br>§ Plaintiff, §<br>§<br>vs. §<br>§<br>AIKEN DEPARTMENT OF PUBLIC §<br>SAFETY; PSO O'CONOR; PSO §<br>HARRINGTON; PSO ANDERSON; PSO §<br>STARKE; SOLICITOR WILLIAM WEEKS; §<br>DEPUTY SOLICITOR WILLIAM WEEKS; §<br>DEPUTY SOLICITOR ASHLEY HAMMACK §<br>DEPUTY SOLICITOR BRADLEY §<br>MCMILLIAN; HONORABLE TRACEY §<br>LYNN CAROL; SECOND JUDICIAL §<br>CIRCUIT SOLICITOR'S OFFICE; §<br>and JOHN/JANE DOE §<br>§<br>Defendants. § | Civil Action No.: 1:22-1238-MGL |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING JUDGE, SOLICITOR DEFENDANTS, ADPS, AND SOLICITOR'S
OFFICE WITH PREJUDICE**

Plaintiff Jonathan Artneil Lincoln (Lincoln), proceeding pro se, filed a complaint against the above-named Defendants under 42 U.S.C § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss Defendants Honorable Tracey Lynn Carol (Judge); Solicitor William Weeks, Deputy Solicitor William Weeks, Deputy Solicitor Ashley Hammack, and Deputy Solicitor Bradley McMillan (collectively, Solicitor Defendants); Aiken Department of Public Safety (ADPS); and the Second Judicial Circuit

Solicitor's Office (Solicitor's Office) from this matter with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Magistrate Judge filed the Report on May 24, 2022. To date, Lincoln has failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Judge, Solicitor Defendants, ADPS, and the Solicitor's Office are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 24th day of June 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.