

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| JONATHAN ARTNEIL LINCOLN, *a/k/a Jonathan Art Lincoln, a/k/a Jonathan Lincoln*,  §§§§<br>Plaintiff, §<br>§<br>vs. §<br>§<br>JOHN/JANE DOE; PSO JOSEPH O'CONOR; §<br>PSO ANDREW ANDERSON, *a/k/a Andrew L. Anderson*; PSO SHAQORE HARRINGTON; §<br>and PSO JOSHUA STARKE, *a/k/a Joshua A. Starke*, §§<br>Defendants. § | Civil Action No.: 1:22-1238-MGL |

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING THE MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR SUBPOENA**

Plaintiff Jonathan Artneil Lincoln (Lincoln), proceeding pro se, filed a complaint against the above-named Defendants under 42 U.S.C § 1983.

This matter is before the Court for review of the United States Magistrate Judge's order denying Lincoln's motion for issuance of a subpoena. The order was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge filed the Order on August 31, 2022. Lincoln appealed the order on September 16, 2022. Defendants neglected to file a response.

When a Magistrate Judge issues an order in a civil case, "[t]he district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). The Court will reverse the Magistrate Judge's holdings only if it is "left with the definite and firm conviction that a mistake has been committed." *United*

*States v. Harvey*, 532 F.3d 326, 337 (4th Cir. 2008) (quoting *In re Mosko*, 515 F.3d 319, 324 (4th Cir. 2008)) (internal quotation omitted).

Lincoln seeks to subpoena transcripts of grand jury proceedings, and contends the Magistrate Judge erred in determining he presents no particularized need for those grand jury transcripts.

"[T]he proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 218 (1979). Accordingly, a party requesting disclosure "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Id.* at 222.

The Magistrate Judge determined Lincoln failed to make such a showing. Considering Lincoln's motion and appeal, the Court determines the Magistrate Judge's holding that Lincoln failed to show a particularized need for the grand jury transcripts is not clearly erroneous or contrary to law.

Therefore, it is the judgment of the Court the Magistrate Judge's order is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 24th day of October 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.