

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### AIKEN DIVISION

| | |
|---|---|
| JONATHAN ARTNEIL LINCOLN,<br>　　　　Plaintiff,<br><br>vs.<br><br>PSO JOSEPH O'CONOR; PSO ANDREW ANDERSON, *a/k/a Andrew L. Anderson*; PSO SHAQORE HARRINGTON; and PSO JOSHUA STARKE, *a/k/a Joshua A. Starke*,<br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§  Civil Action No.: 1:22-1238-MGL<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION, GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE**

Plaintiff Jonathan Artneil Lincoln (Lincoln), proceeding pro se, filed an amended complaint against Defendants PSO Joseph O'Conor (O'Conor), PSO Andrew Anderson (Anderson), PSO Shaqore Harrington (Harrington), and PSO Joshua Starke (Starke) (collectively, Defendants) under 42 U.S.C § 1983.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court grant Defendants' motion for summary judgment and dismiss Lincoln's claims with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo

determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  The Court need not conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Magistrate Judge filed the Report on May 24, 2023.  After the Court granted Lincoln's request for an extension of time, Lincoln delivered his objections to the prison mailroom on July 14, 2023.  Defendants replied on July 26, 2023.  The Court has reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

The Report set forth a thorough recitation of the facts, which the Court will summarize and repeat here only to the extent necessary to its analysis.

Defendants observed a Dodge Durango driving with a defective front passenger headlight.  While they followed the Durango, it turned in to a Waffle House parking lot.  They learned the license plate belonged to a vehicle that had been reported stolen.

Defendants approached the parked car, where Lincoln was standing near the rear.  Defendants confirmed the car had the stolen tag and detained Lincoln.  They subsequently found a magazine for a Glock .40 caliber pistol in the vehicle; as well as drugs, a Glock .40 caliber pistol, and other materials in a nearby trashcan.

First, Lincoln makes several objections to the Factual Background.  Defendants maintain that Lincoln relied on the same facts in his amended complaint and response to the motion for summary judgment.

Some of Lincoln's contentions are so lacking in merit as to warrant no discussion. The Court will discuss the remaining disputed facts briefly in turn.

- Lincoln quibbles with the use of the word "radioed," arguing that Defendants instead communicated via cell phone. His statement of facts in his response does state that Defendants radioed in the license plate number, but it uses the word allegedly to imply he fails to believe that was true. Even if he failed to admit to this fact and there is a genuine dispute, such dispute is immaterial and would fail to impact the result in this case.

- Next, Lincoln contests that he drove the Durango before he was stopped by Defendants. He states he was standing behind the car at the time of the stop. He admits, however, that it was his vehicle. There is no genuine issue of material fact that Lincoln was driving the car before the incident.

- Finally, Lincoln contends he never pled guilty to the state court charges and was rather adjudicated guilty at trial. He also posits none of his charges were *nolle prossed*. The state court documents filed by Defendants indicate that Lincoln's charges were *nolle prossed* because he was "found guilty" on other charges. True Bill Indictment for Trafficking in Cocaine Base, Cover Page; True Bill Indictment for Unlawful Carrying of a Pistol, Cover Page. And, at his deposition, Lincoln admitted to having pled guilty to a driving under suspension charge. Even if certain of Lincoln's charges were adjudicated at trial, rather than by guilty plea, however, this fails to disturb the fact that he was indeed convicted, and therefore creates no genuine issue of material fact.

The Court will therefore overrule Lincoln's objections to the Magistrate Judge's factual recitation.

Second, Lincoln objects to entry of summary judgment on his false arrest and imprisonment claim because he argues the officers lacked probable cause to arrest him. Defendants contend the Magistrate Judge properly determined that they had reasonable, articulable, and particularized suspicion to justify the initial stop; their actions were reasonably related to the scope of the stop; they appropriately searched the car; and Lincoln's ultimate indictment indicated his arrest and imprisonment were supported by probable cause.

As discussed above, there is no genuine issue of material fact that Lincoln drove the car that was stopped by Defendants, let alone a genuine issue of material fact that Defendants reasonably believed as much.

Moreover, "an indictment, fair upon its face, returned by a properly constituted grand jury, conclusively determines the existence of probable cause." *Durham v. Horner*, 690 F.3d 183, 189 (4th Cir. 2012) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975) (internal quotation marks omitted)).

As referenced above, Lincoln was ultimately indicted for trafficking in cocaine base and unlawful carrying of a pistol. And, although he argues his possession of controlled substances charge was dismissed at the preliminary hearing for want of probable cause, this contention is unsupported by the record.

Accordingly, the Magistrate Judge properly determined probable cause existed for his arrest and imprisonment. Therefore, the Court will overrule this objection, as well.

Third, Lincoln objects to entry of summary judgment on his malicious prosecution claim, maintaining that there is a lack of evidence Defendants had probable cause to believe the possessed the items found in the trashcan. Defendants insist that the affidavits to obtain the arrest warrants

4

and the information in the indictments accurately reflected the facts, and still supported a finding of probable cause.

As discussed in this order, Lincoln has set forth no facts that indicate a lack of probable cause. Nor has Lincoln shown a genuine issue of material fact as to malice by Defendants in charging him based on the incident. *See Huffman v. Sunshine Recycling, LLC*, 826 S.E.2d 609, 614 (S.C. 2019) (setting forth the elements of the common law tort of malicious prosecution); *see also Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (explaining that a malicious prosecution claim under Section 1983 is a Fourth Amendment claim for unreasonable seizure that incorporates elements of the common law cause of action).

The Court will thus overrule this objection, too.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules Lincoln's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Defendants' motion for summary judgment is **GRANTED** and Lincoln's claims are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed this 7th day of August 2023, in Columbia, South Carolina.

                                                             s/ Mary Geiger Lewis
                                                             MARY GEIGER LEWIS
                                                             UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.